Mr. R. Roth Judd Executive Director Ethics Board 44 East Mifflin Street Madison, Wisconsin 53702
Dear Mr. Judd:
On behalf of the Ethics Board (Board) you have asked whether the Board has the authority to extend the date by which a candidate for state public office must file a statement of economic interests so that the candidate's name may be certified for placement on a ballot. I conclude that the Board does not have that authority.
Section 19.43 (4) of the Wisconsin statutes requires that a candidate for state public office file with the Board a statement of economic interests "no later than 4:30 p.m. on the 3rd day following the deadline for filing nomination papers for the office which the candidate seeks." That statute also requires election officials to ascertain whether a candidate has complied with that law and further provides that if the candidate has not complied the election official "may not certify the candidate's name for ballot placement."
Section 19.43 (8) gives the Board the authority to "extend the time for filing or waive any filing requirement if the board determines that the literal application of the filing requirements of this subchapter would work an unreasonable hardship on that individual or that the extension of the time for filing or waiver is in the public interest."
Section 8.10 (5) provides:
 Nomination papers shall be accompanied by a declaration of candidacy under s. 8.21. If a candidate has not filed a registration statement under s. 11.05 at the time he or she files nomination papers, the candidate shall file the statement with the papers. A candidate for state office or municipal *Page 86 
judge shall also file a statement of economic interests with the ethics board under s. 19.43 (4) no later than 4:30 p.m. on the 3rd day following the last day for filing nomination papers under sub. (2)(a).
The statutes governing nominations for the fall elections and special elections have similar requirements. Secs. 8.15 (4)(b) and 8.50 (3), Stats.
Section 8.30 (3) provides: "The official or agency with whom declarations of candidacy are required to be filed may not place a candidate's name on the ballot if the official or agency is prohibited from doing so under s. 19.43 (4) or an ordinance adopted under s. 19.59 (3)(b)."
The Legislature has vested exclusive jurisdiction over the election laws in the Elections Board. Sec. 5.05 (1), Stats. Section 19.43 (8) permits the Board to extend the time for filing or waive the filings of statement of economic interests "of this subchapter." That grant of authority on its face only applies to statements of economic interests filed under the requirements of the ethics law; the statute does not purport to govern statements required by the elections law.
Various election statutes require the filing of statements of economic interests. Some reference section 19.43 (4), e.g., sections 8.10 (5), 8.16 (2) and 8.35 (2)(c); others do not, e.g., sections 8.15 (4)(b), 8.20 (6) and 8.50 (3)(a). Construing section 19.43 (8) as allowing the Board to waive the filing of statements of economic interests would result in the anomalous situation where the Board could waive a mandatory requirement of the elections law, a law administered by a different, independent agency. Interpreting section 19.43 (8) as allowing the Board to grant extensions of time to file statements of economic interests under the elections law would mean that the Board, contrary to specific legislative direction in the election statutes, could allow certain candidates to file their statements after the election, thereby depriving the voters of the information on those statements. That interpretation would also mean that the Board would be able to grant waivers *Page 87 
or extensions of time to file documents required by the elections law even if the Elections Board disagreed with the Board's decisions.
The reference in some election statutes to section 19.43 (4) can hardly be construed as necessarily incorporating the waiver provisions of section 19.43 (8). As noted, only some of the election statutes which require filing a statement of economic interest actually refer to section 19.43 (4). To conclude that the reference in some statutes to section 19.43 (4) necessarily includes the waiver provisions of section 19.43 (8) is to conclude that the Legislature intended to allow the Board to waive the requirements for filing a statement of economic interests in some elections but decided to withhold that authority for other elections. There is no reason to make that assumption.
Applying the well-known canon of statutory construction that the specific governs the general also compels the conclusion that the Board's authority to grant waivers or extensions of time under section 19.43 (8) does not apply to the filing requirements under the elections law. The command to the election officials in both sections 19.43 (4) and 8.30 (3) is specific. The election officials must determine whether the candidate has complied with the filing requirements; "[i]f not, the elections board, municipal clerk or board of election commissioners may not certify the candidate's name for ballot placement." Sec. 19.43
(4), Stats. Section 19.43 (4) requires that the candidate comply with "this subsection" i.e., section 19.43 (4) which, like section 8.10 (5), requires filings no later than 4:30 p.m. on the third day following the deadline for nomination papers for the office which the candidate seeks.
Filing deadlines involving elections have "consistently been treated as mandatory." State ex rel. Ahlgrimm v. State ElectionsBd., 82 Wis.2d 585, 592, 263 N.W.2d 152 (1978). In that case Judge Ahlgrimm, "[b]ased on the information given him by the County Clerk and based upon his own reading of the statutes governing nomination papers . . ." concluded that he should file his *Page 88 
nomination papers with the Racine County Clerk. Ahlgrimm,82 Wis.2d at 588. Judge Ahlgrimm and the clerk were wrong; he should have filed his nomination papers with the Elections Board. Although the nomination papers were timely filed, the supreme court held that Judge Ahlgrimm's name could not be placed on the ballot because he had not filed with the correct officer. InAhlgrimm the court was applying section 8.10 (6) which determines the place for filing nomination papers. Section 8.10 (5) is even more specific than the statute applied in Ahlgrimm.
In Ahlgrimm the court also interpreted section 8.30 (1) which states that election officials "may refuse to place the candidate's name on the ballot" under certain circumstances including "[i]f the nomination papers are not prepared, signed and executed, as required under this chapter." The court held that filing was not included within the meaning of "prepared, signed and executed" because "[f]iling is something that is donewith the nomination papers, whereas, preparing, signing and executing are things that are done to nomination papers."Ahlgrimm, 82 Wis.2d at 596.
The subsection of section 8.30 interpreted in Ahlgrimm
granted election officials the discretion to place a candidate's name on the ballot in certain circumstances because the statute provided that the officials "may refuse to place the candidate's name on the ballot." Section 8.30 (3), in contrast, unmistakably provides that the election officials "may not place a candidate's name on the ballot" if a statement of economic interests is not timely filed. Other election statutes have similar provisions. For example, section 8.16 (2) provides that a person who receives only write-in votes cannot appear on the ballot unless certain conditions are met including the filing of a statement of economic interest.
Election officials cannot waive the mandatory filing requirements of the elections law. It would be anomalous to conclude that the Board could waive the filing requirements of the elections law. Section 19.43 (8) gives the Board the authority to extend the time for filing or waive the requirements of filing statements of economic interests under chapter 19. It does not *Page 89 
give the Board the authority to waive the separate and independent requirements of chapter 8.
Section 19.43 (8) cannot be read as ousting the Election Board's exclusive jurisdiction over election matters. It cannot be read as giving the Board the discretion to waive what otherwise would be a mandatory filing requirement under the election laws. Interpreting section 19.43 (8) as allowing the Board to waive the filing of statements of economic interests would frustrate the law's purpose of providing timely information to the voters concerning candidates' economic interests.
Sincerely,
 James E. Doyle Attorney General *Page 90